UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven JOHNSON, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Tyrone CURRY, a/k/a "Santa Claus",
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Yolanda Yvette WASHINGTON,
Defendant–Appellant.

Nos. 88–3266, 88–3267 and 88–3269.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1989.

Decided Sept. 25, 1989.

Frank V. Bartoletta, Spokane, Wash., Jane MacLean, and James Vonasch, Seattle, Wash., for defendants-appellants.

Helen J. Brunner, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, WALLACE and THOMPSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellants bring this consolidated appeal of their convictions and sentences for cocaine and firearms charges. We consider (1) the district court's refusal to require disclosure of the identity of a confidential informant, (2) the constitutionality of the mandatory sentencing provision of 21 U.S.C. § 841(b)(1)(B), and (3) the use of a conspiracy theory to support a firearms conviction under 18 U.S.C. § 924(c). We affirm.

## I. BACKGROUND

Police executed at a Seattle residence a warrant which authorized a search of the building and a Chevrolet Nova. They found Tyrone Curry, Steven Johnson, and Yolanda Washington in the building.

They discovered substantial evidence indicating that the residence was a "crack" house. The bolted front door was opened with a battering ram. Once inside, they found cocaine and a gun, as well as a beaker containing Curry's fingerprints. Just outside the house, they found more cocaine, a gun, and a small glass vial, all of which had been thrown from a window where Johnson was observed by a police officer.

Earlier in the day, a confidential informant had been given marked "bait money" and driven by a police officer to the residence, where he bought cocaine. A search of Curry after execution of the warrant revealed one of the marked bills, as well as $520 in unmarked bills and keys to the red Chevrolet Nova. A search of the car revealed a large amount of cash, two marked bills, 40 bags of white powder, and two guns.

Each defendant was charged with one count of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846 & 812; two counts of possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 841(b)(1)(B)); and one count of knowingly using a firearm, 18 U.S.C. § 924(c). The court suppressed the marked bait bills found on Curry's person, but refused to suppress those bills found in the car. It refused to require the government to reveal the identity of the confidential informant.

A jury convicted all three defendants. The court sentenced Curry to concurrent terms of ten years on the first three counts, and a consecutive sentence of five years on the firearm count. Johnson was sentenced to concurrent terms of eight years on the first three counts, and a consecutive sentence of five years on the firearm count. Washington was given the mandatory minimum term of five years under 21 U.S.C. § 841(b)(1)(B) on one of the

drug counts, probation on the other two drug counts, a consecutive five year sentence on the firearm count, and a $200 special assessment.

## II. DISCUSSION

### A. Identification of Confidential Informant

■ Curry argues that the court should have revealed the identity of the confidential informant. He contends that disclosure would have given him the opportunity to elicit evidence that he did not receive the bait bills or that there was some other explanation for possessing them. We review for abuse of discretion the court's denial of a motion to compel disclosure of an informant's identity. *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir.1986).

In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court recognized that an informant's confidentiality serves important law-enforcement objectives. Determining whether to reveal his identity requires

> balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. at 628–629.

■ The burden is on the defendant to demonstrate the need for disclosure. *Fixen*, 780 F.2d at 1439. The mere suspicion that information will prove helpful is insufficient to require disclosure. *United States v. Buffington*, 815 F.2d 1292, 1299 (9th Cir.1987). It is within the trial court's discretion to hold an *in camera* proceeding. *Fixen*, 780 F.2d at 1440.

■ Applying these principles to the facts of this case, we hold that the district court did not abuse its discretion in denying disclosure of the informant's identity. The government did not charge Curry based on the transaction with the informant. The evidence was presented solely to connect him with the items found in the car. Curry did not allege facts which would indicate that disclosure was "essential to a fair determination of [his] cause." *Roviaro*, 353 U.S. at 61, 77 S.Ct. at 628. Because he failed to meet his burden to demonstrate a need for the information, the judge did not abuse her discretion in refusing to require disclosure.

Curry argues alternatively that the two bait bills found in the car should have been suppressed. The bait bills were relevant to establishing a connection between Curry and the items in the car. The bait bill found on his person, on the other hand, was properly suppressed as being irrelevant. There was no error.

### B. Constitutionality of 21 U.S.C. § 841(b)(1)(B)

■ Johnson and Curry argue that the mandatory minimum sentencing under 21 U.S.C. § 841(b)(1)(B), including its no-parole provision, violates due process and equal protection, and constitutes cruel and unusual punishment. Under the statute, a person convicted of a crime involving five grams or more of a mixture containing cocaine base "shall be sentenced to a term of imprisonment which may not be less than 5 years...." 21 U.S.C. § 841(b)(1)(B)(iii).

Johnson and Curry, who were sentenced to eight and ten years respectively, were not affected by the mandatory minimum provision of the statute. They lack standing to challenge that aspect of § 841(b)(1)(B). *See United States v. Zavala–Serra*, 853 F.2d 1512, 1516–17 (9th Cir. 1988). We consider only their challenge to the no-parole provision of the statute. *Id.* at 1517.

■ They make the same facial constitutional attack against the no-parole provisions of the statute as was presented to this court in *Zavala–Serra*. In that case, this court refused to address the claims because the defendant was not a "minor figure" in the conspiracy to possess and distribute cocaine. *Id.* at 1517 (an appel-

lant "must confine his constitutional attack to the circumstances of his own case"). We reach the same result.

The evidence indicates that Curry was in charge of distributing rock cocaine from a "crack house." A police officer saw Johnson in a window through which cocaine, a gun, and a glass vial were thrown. The police found 15 grams of cocaine base and 480 grams of cocaine in the search. Neither Johnson nor Curry had a peripheral role in the offense. Finding that they were not minor figures in the offense, we need not address their facial challenges to the no-parole provisions of the statute.

They do not make an "as applied" attack on the sentences in their briefs, so we need not reach this issue as well. Even if we interpret the briefs as preserving such an attack, the contention would lack merit. *See id.* at 1518 (holding that, as a general rule, a sentence which does not exceed the statutory maximum will not be overturned on eighth amendment grounds); *see also United States v. Savinovich,* 845 F.2d 834, 838–39 (9th Cir.) (upholding the constitutionality of § 841(b)(1)(B)), *cert. denied,* —— U.S. ——, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988); *United States v. Klein,* 860 F.2d 1489, 1496–99 (9th Cir.1988).

### C. Sentence Enhancement Under 18 U.S.C. § 924(c)

Washington argues that the district court improperly sentenced her to an additional five years under 18 U.S.C. § 924(c), which states:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.

18 U.S.C. § 924(c)(1). She makes three arguments in challenging her sentence on the firearm charge.

■ First, she argues that it is improper under the statute and the due process clause to apply § 924(c) when the only basis for conviction is a conspiracy theory. We review de novo this question of law. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

No direct evidence was presented that she possessed a weapon or that she knew of the weapons found in the house or car. She was convicted based on a jury instruction under *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). In *Pinkerton,* the Court held that defendants could be convicted of substantive offenses if they were parties to an unlawful conspiracy and the offenses charged were committed in furtherance of it. *Id.* at 645, 66 S.Ct. at 645.

Two other circuits have upheld the application of *Pinkerton* in the context of the current version of § 924(c)(1). *See United States v. Raborn,* 872 F.2d 589, 595–96 (5th Cir.1989); *United States v. Diaz,* 864 F.2d 544, 548–49 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 2075, 104 L.Ed.2d 639 (1989). We hold that a conviction under § 924(c)(1) may be maintained under a conspiracy theory.

We reject Washington's due process challenge to this construction of the statute. We recognize the potential due process limitations on the *Pinkerton* doctrine in cases involving attenuated relationships between the conspirator and the substantive crime. *See United States v. Alvarez,* 755 F.2d 830, 850 (11th Cir.), *cert. denied,* 474 U.S. 905, 106 S.Ct. 274, 88 L.Ed.2d 235 (1985). The drug industry, however, is a dangerous, violent business. *See Diaz,* 864 F.2d at 549. When an individual conspires to sell cocaine in a "crack house" operation, it is reasonable to assume that a weapon of some kind would be carried. *See id.*

■ Her second argument is that she improperly received multiple punishments for a single conspiracy. In *United States v. Palafox,* 764 F.2d 558 (9th Cir.1985) (en banc), this court construed 21 U.S.C. § 841(a)(1) as preventing separate punishments for separate offenses when they constitute one criminal undertaking.

Our decision in *Palafox* does not apply to prevent enhancement of Washington's sentence. Congress clearly manifested its intent by stating that the sentence under § 924(c) is "in addition to the punishment provided" for the drug crime. 18 U.S.C. § 924(c)(1). She received a five-year sentence for the drug charge and an additional five years for the firearm offense. The sentence was proper.

Finally, Washington argues that § 924(c) should not have been applied to her. She cites *United States v. Jones*, 592 F.2d 1038 (9th Cir.), *cert. denied*, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979), where we found insufficient evidence to support a jury verdict against a defendant for aiding and abetting the use of a dangerous weapon in committing a robbery under 18 U.S.C. § 2113(d). *Id.* at 1042. Although she does not say so explicitly, she appears to be arguing that there was insufficient evidence to convict her under § 924.

We must determine whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found her guilty beyond a reasonable doubt on each essential element of the crime charged. *United States v. Douglass*, 780 F.2d 1472, 1476 (9th Cir.1986). The evidence supports the inference that she knew about the weapon or could have reasonably foreseen Curry's possession of it. *See id.* at 1476–77. Sufficient evidence supports the conviction.

**AFFIRMED.** The special assessment given defendant Washington is vacated. *United States v. Munoz-Flores*, 863 F.2d 654 (9th Cir.1988).