972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Valencia PARRA, Defendant-Appellant.
 No. 91-50267.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1992.
Decided July 30, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Valencia Parra was convicted of conspiracy to possess cocaine, possession of cocaine with intent to distribute, and using and carrying a firearm in relation to a drug trafficking crime. He appeals his convictions on several grounds.
 
 
 3
 * Parra argues that the district court abused its discretion in failing to order the government to identify and to produce the informant, and in failing to at least hold an in camera hearing to decide whether the informant possessed information material to Parra's defense.
 
 
 4
 The district court must balance competing interests in evaluating a request to disclose an informant's identity. Roviaro v. United States, 353 U.S. 53, 62 (1957); United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir.1989), cert. denied, 494 U.S. 1089 (1990); United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir.1986). The government's and the informant's privilege of anonymity must give way if the disclosure of the identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Roviaro, 353 U.S. at 60-61.
 
 
 5
 The burden is on the defendant to demonstrate the need for the disclosure. Fixen, 780 F.2d at 1439. A mere suspicion that an informant might possess helpful information is insufficient to require disclosure. United States v. Wong, 886 F.2d 252, 256 (9th Cir.1989). We review the district court's decision to disclose, and whether or not to hold an in camera hearing to decide that question, for an abuse of discretion. Fixen, 780 F.2d at 1439-40.
 
 
 6
 Parra's argument closely tracks the appellant's argument in Wong. Parra claims the disclosure and testimony of the informant would have provided evidence to establish his claims of entrapment and outrageous government conduct. Such speculation, however, does not suffice to meet Parra's burden. Johnson, 886 F.2d at 1122; Wong, 886 F.2d at 256.
 
 
 7
 In Wong, the district court held an in camera hearing before deciding not to require the disclosure of the informant. We affirmed that exercise of discretion because the record supported that court's determination that there was no indication that the informant's testimony would help establish a defense theory. Thus, the need to protect the informant and to maintain the flow of information through informants outweighed any defense need for his testimony. Wong, 886 F.2d at 256.
 
 
 8
 Our review of the record in this case convinces us that the district court did not abuse its discretion in both denying the motion to disclose and refusing an in camera hearing with the informant. Parra was convicted based on police testimony and videotape evidence covering the critical events of this prosecution. As in Wong, the informant was not the only percipient witness to crucial events and his testimony at trial would have been cumulative and insignificant. See id.
 
 
 9
 Hence, Parra did not carry his burden and establish the need for disclosure of the informant's identity. Nothing that he advanced to the court demonstrated that the informant's testimony would be relevant or helpful to establishing an entrapment defense or essential to a fair determination in his trial. See id. at 256-57. The district court did not abuse its discretion by determining that the informant's identity remain anonymous in this case. Nor was it an abuse of discretion to deny an in camera hearing to determine what testimony the informant might provide.
 
 II
 
 10
 Parra further contends that his conviction should be reversed due to the government's outrageous conduct in running a drug sting operation. As the government points out, and neither Parra nor our review of the record contradicts, Parra did not raise this issue to the district court. Hence, our review is for plain error and "to prevent a miscarriage of justice" since this issue is raised for the first time on appeal. United States v. Winslow, No. 91-30043, slip op. at 3367 (9th Cir. Apr. 1, 1992). Cf. United States v. Duncan, 896 F.2d 271, 274-75 (7th Cir.1990) (outrageous government conduct defense must be raised in pretrial motion; if not raised to district court then review is for plain error).
 
 
 11
 To reverse Parra's convictions, we would have to find "the Government's conduct [ ] so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). To prove a due process violation requiring the reversal of a conviction, "a defendant must meet an extremely high standard." Id.
 
 
 12
 Parra does not meet that standard. The government's conduct in this case was within permissible limits and was not grossly shocking. See id. (Although not approved by this Court, much more egregious conduct has been condoned as beyond the supervisory power of the Court: allowing a drug informant to encourage an 18 year-old to deal drugs while both were in a treatment center; and cases cited which allow, inter alia, false identities by undercover agents; supplying contraband; Fish and Wildlife Service agents killing protected animals as part of investigation; introducing drugs into a prison; and assisting escape attempts). See also United States v. Russell, 411 U.S. 423, 432 (1973) (supplying chemicals to manufacture drugs to infiltrate a drug ring "can hardly be said to violate 'fundamental fairness' ").
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit R. 36-3