U.S.

v.

**Teddy BATT.**

**Crim. A. No. 92–10018–02.**

United States District Court,
D. Kansas.

Jan. 27, 1993.

David M. Lind, Asst. U.S. Atty., Wichita, KS, for plaintiff.

Steven Gradert, Asst. Federal Public Defender, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on Batt's motion for judgment of acquittal, or in the alternative a new trial, pursuant to Fed.R.Crim.P. 29(c) and 33. (Doc. 78) Batt was convicted after a jury trial of aiding and abetting the carrying of a firearm by a codefendant during or in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.

Batt makes two arguments in support of his motion. First, he argues the court erred in failing to grant his request for judgment of acquittal, pursuant to Fed. R.Crim.P. 29(c), at the conclusion of the government's case. Second, he argues the court erred in giving jury instruction number 9 on the required proof of aiding and abetting.

 In ruling on a motion for acquittal, the court must consider all direct and circumstantial evidence that was presented in this case and the inferences that may reasonably be drawn from that evidence in the light most favorable to the government. *United States v. Troutman,* 814 F.2d 1428, 1455 (10th Cir.1987). In its case-in-chief, the government presented evidence that Batt was present at a meeting at codefendant Steven Nusz's residence on

September 3, 1991, along with several undercover government agents and the confidential informant. Detective Prince testified that a conversation took place at that meeting concerning the prospect of marijuana transactions, as well as trading guns for marijuana. Detective Prince also testified that the police had been informed by the confidential informant prior to the drug bust that Nusz usually carried a gun. The evidence also indicated that Nusz and Batt had been acquainted for many years and Nusz kept several firearms in his residence.

In the court's view, a reasonable juror could reach the conclusion that Batt knew that Nusz would be or in fact was carrying a firearm during the subsequent drug transaction involving the same parties. The motion for judgment of acquittal is denied.

Batt alternatively seeks a new trial. The court may grant a motion for new trial "if required in the interest of justice." Fed. R.Crim.P. 33. "A motion for new trial 'is not regarded with favor and is granted only with great caution, being addressed to the sound discretion of the trial court.'" *United States v. Page*, 828 F.2d 1476, 1478 (10th Cir.), *cert. denied*, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987) (quoting *United States v. Allen*, 554 F.2d 398, 403 (10th Cir.), *cert. denied*, 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977)).

■ Batt alleges the court erred in giving jury instruction number 9, which provides in part:

> You are instructed that in order to aid and abet another to commit a crime, it is necessary that a defendant willfully associate himself in some way with the criminal venture, willfully assist or participate in it, as he would in something he wishes to bring about, and know of or should reasonably foresee the commission of the crime.
>
> In order for the government to prove that defendant Teddy G. Batt, Jr. aided and abetted the use or carrying of a firearm during and in relation to a crime of drug trafficking, it must prove, beyond a reasonable doubt, that defendant

Batt knew or reasonably should have foreseen that Steven G. Nusz would use or carry a firearm during and in relation to the crime of drug trafficking which occurred on or about September 9, 1991.

Batt contends the "reasonable foreseeability" language in the instruction misstates the knowledge element of aiding and abetting. Batt contends the standard set forth in *United States v. Matthews*, 942 F.2d 779 (10th Cir.1991) is the proper standard.

In *Matthews*, the defendant was charged with conspiring with members of an ongoing cocaine conspiracy to sell three ounces of crack cocaine. He was additionally charged with use of a firearm in connection with the drug trafficking offense. The facts underlying the charges were that a California drug distributor asked Saunders to help him set up operations in Tulsa, Oklahoma. Saunders rented a Tulsa apartment. Matthews and another party arrived in Tulsa from California on March 10, 1989. Matthews and the other party had two to three ounces of crack cocaine with them. They met with other conspirators and agreed to help sell the cocaine the next day. Saunders tipped off the police, who obtained a search warrant and raided the apartment. Matthews was found in the bathroom flushing cocaine down the toilet during the raid. Two pistols were found beside a television in the living room. Saunders testified the conspirators routinely took the weapons along on drug-selling excursions. Matthews was convicted of, *inter alia*, the firearms count. He challenged on appeal the sufficiency of the evidence on this count.

The court found no evidence in the record that Matthews had ever handled the weapons or saw another conspirator do so in connection with cocaine activities. At the time of the police raid, the weapons were not within Matthews' hands or those of his fellow conspirators. Furthermore, Matthews had never been on a conspiracy drug-selling excursion. There was no evidence that the conspirators ever discussed the weapons in Matthews' presence or that Matthews knew the conspirators' practice

of carrying weapons during drug-selling excursions. *Id.* at 783–84.

The court held the government had failed to prove that Matthews intended or approved the use of firearms in connection with the criminal activity he undertook. *Id.*

The court finds *Matthews* distinguishable from the present case. Matthews was not charged with aiding and abetting and the court's discussion focuses solely on his liability as a principal. *Matthews* does not address the scope of knowledge required for accomplice liability under 18 U.S.C. § 924(c).

Batt cites the case of *United States v. Powell*, 929 F.2d 724 (D.C.Cir.1991). In *Powell*, the defendant was convicted of aiding and abetting the use or carrying a firearm in the commission of a drug offense in violation of 18 U.S.C. § 924(c)(1). After stating the general rule that accomplice liability encompasses acts of the principal that are a " ' 'natural and probable consequence' ' of the criminal scheme the accomplice encouraged or aided" [*Id.* at 726 (citing W. LaFave & A. Scott, Criminal Law § 6.8, at 590 (2d ed. 1986)) ], the court noted that in the context of § 924(c), courts appear to require that an accomplice " 'knew' (or, perhaps, should have known) that the principal would carry a gun." *Id.* at 726. The court cited two federal appellate cases that reached different conclusions as to the scope of knowledge of an accomplice under § 924(c). In the first, *United States v. Morrow*, 923 F.2d 427 (6th Cir.1991), the court reversed the defendant's conviction and held that the government had failed to show some active participation or encouragement by the accomplice in the principal's carrying of a gun. *Id.* at 436. In the second, *United States v. Johnson*, 886 F.2d 1120 (9th Cir.1989), the court held a § 924(c) conviction could be based on a conspiracy theory. *Id.* at 1123. The defendant in *Johnson* was convicted based on a jury instruction under *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct.

1180, 90 L.Ed. 1489 (1946), whereby a defendant can be convicted of a substantive offense if he or she was a party to an unlawful conspiracy and the offenses charged were committed in furtherance of the conspiracy. The court upheld the use of the *Pinkerton* instruction, although it recognized the existence of due process limitations in cases involving an attenuated relationship between the conspirator and the substantive crime. *Johnson*, 886 F.2d at 1123. The court found the defendant had the requisite knowledge for a conspiracy because in the circumstances of a person selling cocaine in a "crack house" operation, "it is reasonable to assume that a weapon of some kind would be carried." *Id.* (Citation omitted)[1]

After discussing the test for ancillary gun liability in other contexts, the *Powell* court held "that for § 924(c) liability the accomplice must have known to a practical certainty that the principal would be carrying a gun." *Powell*, 929 F.2d at 728. This standard places the accomplice on the level with the principal, requiring the same knowledge for both. (Emphasis supplied) *Powell*, 929 F.2d at 727 (Citations omitted). On the facts before it, the court held the government had failed to prove the defendant had knowledge that a gun would be carried or used. *Id.* at 728.

Under the holding of *Powell*, the instruction given in this case would be erroneous. Instruction number 9 permitted the jury to convict Batt if Nusz's carrying of a firearm was reasonably foreseeable. Instruction number 5, on the other hand, required the government to prove Nusz had actual knowledge of the firearm. Other courts, however, have taken a less stringent view of the level of knowledge required for accomplice liability.

In *United States v. Christian*, 942 F.2d 363 (6th Cir.1991), the defendant was convicted of aiding and abetting his codefendant's possession of a firearm. The defendant argued the facts connecting him to the codefendant and the codefendant to the

---

**1.** The *Powell* court misreads *Johnson* to address the question of accomplice liability, when in fact it does not. The defendant in *Johnson* was charged with conspiracy, not aiding and abetting.

gun were too attenuated and constituted a violation of due process. The court affirmed the conviction based on the foreseeability concept underlying the *Pinkerton* doctrine. *Id.* at 367–68. In the court's view, "The 'well-recognized nexus between drugs and firearms,' (Citation omitted), is acknowledged in this instance where parties, who had never dealt with each other before, agreed to exchange $60,000 for three kilograms of cocaine." *Id.* at 368. *Christian* supports the foreseeability standard contained in the instruction given by the court in the present case. *Cf. United States v. Langston*, 970 F.2d 692, 705–06 (10th Cir.1992) (conviction for aiding and abetting conspiracy to manufacture amphetamine affirmed where jury could infer defendant knew the contents of laboratory materials he transported to a ranch for use in manufacture of amphetamine).

The court believes that use of the "reasonable foreseeability" standard in the instruction was erroneous. By use of these words, the court permitted the jury to convict Batt upon a negligence standard rather than a criminal standard. *See United States v. Pope*, 739 F.2d 289, 292 (7th Cir. 1984); *United States v. Greer*, 467 F.2d 1064, 1069 (7th Cir.1972), *cert. denied* 410 U.S. 929, 93 S.Ct. 1364, 35 L.Ed.2d 590 (1973). A negligence standard would not support the imposition of criminal liability on the principal, and it should likewise not support accomplice liability. *See generally* W. LaFave & A. Scott, Criminal Law § 6.8, at 590.[2]

The court's ruling should not be seen as an absolute requirement that the government must prove in every case that the accomplice had actual knowledge that the principal was using or carrying a firearm during and in relation to a drug trafficking crime. The court's ruling is only that the reasonably foreseeable language in instruction number 9 was erroneous. There may be cases in which the "should have known" standard alluded to in *Powell, supra,* would be appropriate. There may be cases in which the participation of the accomplice

is sufficient to infer knowledge. *See e.g., United States v. Piechev*, 500 F.2d 917 (9th Cir.), *cert. denied* 419 U.S. 966, 95 S.Ct. 229, 42 L.Ed.2d 182 (1974). Finally, there may be cases in which a "deliberate ignorance" instruction may be appropriate. *United States v. de Franciso–Lopez*, 939 F.2d 1405, 1410 (10th Cir.1991).

Accordingly, Batt's motion (Doc. 78) for a new trial is granted.

IT IS SO ORDERED.

---

**2.** The court recognizes there are situations where the knowledge element of accomplice liability is relaxed. *See, e.g., Greer,* 467 F.2d at 1069, n. 4.