993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose ARELLANO-CARDENAS, Defendant-Appellant.
 No. 92-30205.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1993.*
Decided May 6, 1993.
 
 Before WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following a jury trial, Jose Arellano-Cardenas ("Arellano") was convicted of two counts of distribution of cocaine and one count of possession with intent to distribute cocaine. He was sentenced to 60 months imprisonment, to be followed by five years supervised release. Arellano appeals his convictions claiming that 1) there was insufficient evidence to support the convictions, and 2) the trial judge erred in refusing Arellano's proposed instruction on entrapment. We affirm.
 
 
 3
 * Arellano claims that the evidence produced at his trial was insufficient to prove the essential elements of the crimes with which he was charged on the ground that he was entrapped by government agents.
 
 
 4
 Review of the sufficiency of the evidence is limited to determining whether a rational jury could find all essential elements of the offense beyond a reasonable doubt. United States v. Torres-Medina, 935 F.2d 1047, 1048 (9th Cir.1991). The evidence in this respect is viewed in the light most favorable to the government. United States v. Johnson, 886 F.2d 1120, 1124 (9th Cir.1989).
 
 
 5
 A defense of entrapment has two elements: 1) government inducement of the crime, and 2) the absence of predisposition on the part of the defendant. United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). "To be entitled to acquittal as a matter of law on the basis of entrapment, [the defendant] must point to 'undisputed evidence making it patently clear that an otherwise innocent person was induced to commit an illegal act' by government agents." Id.
 
 
 6
 We have defined inducement as "repeated and persistent solicitation" or "persuasion" which overcomes the defendant's reluctance. United States v. Simas, 937 F.2d 459, 462 (9th Cir.1991). Mere suggestions or the offering of an opportunity to commit a crime is not conduct amounting to inducement. Id.
 
 
 7
 Arellano claims he was "induced" into selling drugs by repeated phone calls by a Government agent (informant Martinez).[1] Although there was evidence that Martinez made repeated phone calls to Arellano throughout a four-day period prior to the drug sale, several of those calls were made to the defendant's beeper; Arellano then returned the phone calls himself.
 
 
 8
 Arellano attempts to analogize his case to the Government's "inducement" in Jacobson v. United States, 112 S.Ct. 1535 (1992). The inducement in Jacobson, however, involved two and a half years of enticement by federal agents. Id. at 1536. Phone calls to a beeper over a period of four days simply does not compare.
 
 
 9
 Arellano also claims he was induced into selling drugs in order to pay medical bills. Pecuniary gain resulting from the drug transaction itself, however, does not constitute "prior inducement." United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991). If Arellano felt "pressured" to pay a medical bill, that pressure did not come from a Government agent. Finally, even if the need to pay an $8,000 doctor bill could be considered "inducement," there was evidence that Arellano had $16,000 in the bank at the time of the drug transaction.
 
 
 10
 Phone calls to a beeper and the need to pay medical bills do not constitute inducement. Most importantly, there was disputed evidence over who actually initiated the deal: Arellano concedes that "[t]he evidence was contradictory as to who solicited whom to sale [sic] cocaine." In sum, there is not "undisputed evidence making it patently clear that an otherwise innocent person was induced to commit [an] illegal act' by government agents." Skarie, 971 F.2d at 320 (citation omitted). There being insufficient evidence of inducement, we need not consider whether there was evidence Arellano was predisposed to commit his crimes. See Simas, 937 F.2d at 462.
 
 II
 
 11
 Arellano also claims the trial court violated his due process rights when it erroneously instructed the jury on entrapment.
 
 
 12
 We review de novo the district court's refusal to use defendant's jury instruction. The refusal is reversible error if the instruction is supported by law and has some foundation in the evidence. It is not reversible error to reject a theory of the case instruction if other instructions, in their entirety, cover the defense theory. United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), overruled on other grounds by Schmuck v. United States, 489 U.S. 705 (1989).
 
 
 13
 Arellano claims that, even though there was a separate instruction on his entrapment defense, the defense should have been included as an additional element in the instruction on the Government's burden of proof (e.g., "Fourth, the defendant was not entrapped."). According to Arellano, the separate instruction created confusion and may have shifted the burden onto the defendant to prove entrapment. We disagree.
 
 
 14
 The district court instructed the jury that the government must prove every element of the offenses charged in the indictment beyond a reasonable doubt. It also gave the following instruction regarding entrapment:
 
 
 15
 The defendant has asserted that he was a victim of entrapment. The government must, therefore, prove beyond a reasonable doubt, in addition to the elements of the offense itself, that the defendant was not entrapped. A person is entrapped when the person has no previous intention to violate the law and is persuaded to commit a crime by government agents. On the other hand, where a person is already willing to commit a crime, that is not entrapment if government agents merely provide an opportunity to commit the crime.
 
 
 16
 This instruction clearly places the burden of proving "nonentrapment" on the government. Arellano cites Eighth Circuit case law for the proposition that the jury should received an entrapment instruction with the elements of the offense. See United States v. Norton, 846 F.2d 521, 525 (8th Cir.1988). Whether or not a court should do so, when the proposed defense is adequately presented in a different instruction there is no denial of due process.
 
 III
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Arellano claims that Martinez threatened him during a drug transaction by stating "If you play dirty with me and I have a pistol in my car, and I will kill you." This supports Arellano's general contention that Martinez was "gross" and "rude," as well as the trial judge's rather visceral opinion that Martinez "turned [his] stomach." It is not, however, evidence of inducement