993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge SALAZAR, Defendant-Appellant.
 No. 92-50361.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 11, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Salazar appeals his conviction imposed following jury trial for carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Salazar contends that the evidence was insufficient to support the conviction because (1) he did not know that a gun was in his car and (2) his coconspirator's decision to carry a gun did not fall within the scope of their agreement and was not reasonably foreseeable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Salazar moved for judgment of acquittal not during trial, but six days after the jury verdict pursuant to Fed.R.Crim.P. 29(c). "[T]he defendant must move for a judgment of acquittal during the trial pursuant to Fed.R.Crim.P. 29(a)" in order to preserve for appeal the question of the sufficiency of the evidence. United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990). Nonetheless, we have held that we may review waived sufficiency claims for plain error or to avoid a manifest miscarriage of justice. United States v. Atkinson, No. 92-50006, slip op. 3325, 3328 (9th Cir. April 5, 1993).
 
 
 4
 Here, Salazar and his coconspirator entered into a transaction with undercover agents to sell cocaine. Salazar advised the agents that he wanted to be careful because one of his associates was killed by individuals who stole cocaine. Salazar and his coconspirator arrived by vehicle to make the transaction and were arrested after attempting to make the sale. Upon arrest, Salazar informed officers that his coconspirator had a gun. A gun discovered under the front passenger seat and a loaded ammunition clip found under the driver's side area were seized from the vehicle that Salazar exclusively controlled and had been driving. Salazar testified that he did not know that his coconspirator had a gun until just prior to the arrest.
 
 
 5
 Based on Salazar's close promity to the gun and ammunition and his control of the vehicle, a rational trier of fact could have inferred that Salazar knew of the gun's presence and, therefore, knowingly carried the gun in relation to a drug trafficking offense. See United States v. Torres-Medina, 935 F.2d 1047, 1050 (9th Cir.1991) (firearm may play role in offense simply by emboldening the defendant); United States v. Barber, 594 F.2d 1242, 1244 (9th Cir.) (jury could infer that defendant knowingly carried a firearm where he had access to the glove compartment and use of the car), cert. denied, 444 U.S. 835 (1979). In addition, the jury could have found that Salazar was responsible as a coconspirator for his coconspirator's possession of the gun. See United States v. Velasquez-Carbona, No. 92-30152, slip op. 3783, 3786 (9th Cir. April 16, 1993); United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir.1989) (reasonably foreseeable that a weapon may be carried by a coconspirator in a drug trafficking offense given that the drug industry is a "dangerous, violent business"), cert. denied, 494 U.S. 1089 (1990). Given Salazar's own statements concerning the dangers of selling cocaine, it was reasonably foreseeable that his coconspirator would carry a weapon. See Johnson, 886 F.2d at 1123.
 
 
 6
 Accordingly, the district court did not plainly err by denying Salazar's motion for judgment of acquittal made after the jury verdict. See Atkinson, slip op. at 3328.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3