5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrio SALGADO-MALFAVON, Defendant-Appellant.
 No. 93-30053.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Appeal from the United States District Court, for the Western District of Washington, D.C. No. CR-92-203-TSZ; Thomas S. Zilly, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Demetrio Salgado-Malfavon[1] ("Salgado") was charged with and convicted of four counts of a seven-count superseding indictment arising out of his involvement in narcotics trafficking. Salgado appeals only from his conviction on Count V of that indictment, arguing that there was insufficient evidence to support the jury's finding that he had violated 18 U.S.C. Sec. 924(c) by possessing a firearm in relation to a drug trafficking activity.[2] We reject this contention and affirm.
 
 
 3
 Section 924(c)(1) states, in relevant part, that "[w]hoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years[.]" A conviction under this statute requires proof of two elements, viz., (1) relation and (2) use of the firearm as part of the underlying crime. United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991). A weapon's close proximity to illegal narcotics constitutes evidence of its relation to the underlying drug offense, while use can be shown by evidence of the weapon's availability, even if the defendant did not use the gun or could not have taken physical possession of it. Id. at 1049-50. See also United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992); United States v. Torres-Rodriguez, 930 F.2d 1375, 1385-86 (9th Cir.1991).
 
 
 4
 Police found three loaded and operable handguns in Salgado's bedroom--one of them in the hands of a coconspirator, Maria Cabadas, who was found hiding in the closet--along with substantial quantities of heroin and cocaine, more than $20,000 in cash, and a triple-beam scale. Informant Frank Hinojosa testified that, only a few hours prior to the execution of the search warrant, Salgado and Cabadas had held him in the house at gunpoint while discussing the return of drugs Hinojosa had stolen from Salgado.[3] Viewing this evidence in a light most favorable to the government, we conclude that a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.[4] See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although identified in the record as "Demetrio Salgado-Malfavor", the appellant notes in his opening brief that the correct spelling of his surname is "Salgado-Malfavon"
 
 
 [2]
 Salgado makes no argument concerning that part of Count V involving the crime of aiding and abetting under 18 U.S.C. Sec. 2
 
 
 [3]
 It is largely on the strength of this evidence that we reject Salgado's assertion that he was convicted of violating section 924(c) on a theory of "constructive possession." See Torres-Medina, 935 F.2d at 1049 n. 2. Thus, the mere fact that none of the three handguns in question were in Salgado's possession at the time of his subsequent arrest is irrelevant. See id. at 1049 n. 3
 
 
 [4]
 In any event, the evidence presented is more than sufficient to uphold Salgado's conviction on a theory of coconspirator liability under Pinkerton v. United States, 328 U.S. 640 (1946). See, e.g., United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir.1989), cert. denied, 494 U.S. 1089 (1990)