8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis AUSTIN, Defendant-Appellant.
 No. 92-10486.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided Oct. 6, 1993.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Curtis Austin appeals from the judgment of conviction entered against him after jury trial on five charges, including use or possession of a firearm during and in relation to a drug trafficking crime. Specifically, Austin attacks the district court's denial of his motion to suppress evidence seized pursuant to a search warrant and his Rule 29 motions for judgment of acquittal on the firearm charge. We affirm.
 
 
 4
 I. The District Court's Denial of Austin's Motion to Suppress Following the Franks Hearing
 
 
 5
 To invalidate a facially valid search warrant based on the allegation of false assertions in the supporting affidavit, Austin must establish by a preponderance of the evidence both (1) that there was knowing and intentional falsehood or a reckless disregard for the truth, and (2) that the challenged statement was essential to the issuing magistrate's finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-56, 171-72 (1978); United States v. Dozier, 844 F.2d 701, 705 (9th Cir.1988). As required under Franks, the district court here held a hearing to investigate the veracity of the affiant. United States v. Motz, 936 F.2d 1021, 1023 (9th Cir.1991).
 
 
 6
 Whether statements or omissions were false when made and whether false statements or omissions were made intentionally or recklessly are factual findings reviewed under the clearly erroneous standard. Dozier, 844 F.2d at 705. Whether misstatements or omissions in an affidavit were material to the finding of probable cause is subject to de novo review. Id. Thus, "[a] district court's probable cause determination in a case with a redacted affidavit is reviewed de novo." Id. at 706.
 
 
 7
 In determining whether the issuing magistrate or the district court had a substantial basis for concluding that probable cause existed, we apply the totality of the circumstances test articulated in Illinois v. Gates, 462 U.S. 213 (1983).
 
 
 8
 A. Statement Regarding Danielle's Gang Membership
 
 
 9
 The magistrate presiding over the Franks hearing found the statement that Danielle was a documented gang member to be false when made but neither an intentional misrepresentation nor made with reckless disregard for the truth. Whether this statement is properly characterized as false is open to debate in light of the fact that the gang unit possessed a file card on Danielle designating him as a member of a gang. Moreover, there is nothing to suggest this statement was central to the issuing magistrate's determination of probable cause in this case.
 
 
 10
 We need not resolve that issue, however, as there is nothing in the record to suggest the Franks magistrate was clearly erroneous in concluding that Sheffer made the statement in good faith and reasonable reliance on departmental records.
 
 B. The Murder Charges Against Danielle
 
 11
 The Franks magistrate found that Sheffer omitted facts regarding the strength of the murder charges against Danielle with reckless disregard for the truth. He chastised Sheffer for not being more thorough in his investigation.
 
 
 12
 Ultimately, however, the magistrate concluded these omissions were not material to the issuing magistrate's determination of probable cause. We agree. Whether or not Sheffer ought to have performed a more thorough investigation into why the murder charges were dropped, the remarks in the affidavit regarding those charges are quite peripheral to the probable cause showing made therein.
 
 
 13
 The warrant was issued to search for narcotics and paraphernalia such as scales related to trade in narcotics. Mention of the murder charges against Danielle appears to have served two purposes. The most important was that Bishop had made a number of factual assertions about Danielle: how he looked, where he lived, what kind of a car he drove, who his mother was, who his common-law wife was, and the fact that he had been charged with murder. As part of his independent identification of Danielle as the man Bishop was describing and his corroboration of Bishop's assertions about Danielle, Sheffer looked up and reported that murder charges had indeed been brought against Danielle. This verification reinforced Bishop's credibility as a confidential informant.
 
 
 14
 The second purpose, which must be inferred, was to illustrate the atmosphere of danger and potential violence surrounding the investigation. Stressing this threat reinforced the justification for keeping the identity of the informant confidential. It is doubtful, however, that a more full description of the circumstances under which Danielle's murder charges were dropped would have led the issuing magistrate to reach a different conclusion about either the presence of probable cause or the propriety of concealing the informant's identity.
 
 
 15
 We hold the Franks magistrate soundly concluded that Sheffer's omission was not material to the issuing magistrate's probable cause determination.
 
 
 16
 C. Credibility of Bishop's Statements and Propriety of Concealing her Identity
 
 
 17
 Austin claims that Sheffer's designation of Bishop as a confidential informant and omission of details about her that would have disclosed her identity constitute deliberate falsehoods. Consequently, Austin argues, all information attributed to her should have been stricken from the affidavit under Franks. Intertwined with this contention is Austin's contention that the details which would have disclosed Bishop's identity would also have revealed that she was not credible as an informant because of her drug use and her motive for revenge against him.
 
 
 18
 Revelation that the informant in this case was Bishop would only have strengthened the basis for the issuing magistrate's conclusion that her information about Austin's mode of operation and specific plans on April 3, 1991 was highly credible. Bishop's identity therefore need not have been included in the supporting affidavit. See United States v. Johns, 948 F.2d 599, 606-07 (9th Cir.1991) (authorities need not include information strengthening the showing of probable cause).
 
 
 19
 Austin elaborates, however, that revelation of Bishop as the informant would have required revealing that she was a heroin addict and that she was motivated by desire to get revenge against Austin for having recently pistol-whipped her. It is undisputed that Sheffer knew both that Bishop had been a heroin addict and that she wanted to get back at Austin for pistol-whipping her. These facts, Austin maintains, would have undermined the affidavit's showing of probable cause because they would have undermined Bishop's credibility.
 
 
 20
 Because Sheffer's affidavit relied heavily on information provided by Bishop in preparing the affidavit, evaluation of the reliability of her statements is critical to a meaningful evaluation of probable cause in this case. The bases on which Austin attacks the credibility of Bishop's statements are similar to those used to attack a coconspirator informant's credibility in Dozier. See 844 F.2d at 706 (informant was an illegal alien who was caught at the scene of another crime and who, it was alleged, "might have said anything to ingratiate himself with the arresting officers").
 
 
 21
 In Dozier, we held the coconspirator's statements were sufficiently reliable to support a determination of probable cause, where the information supplied by the coconspirator was corroborated by independent investigation. Id.; see also United States v. Fixen, 780 F.2d 1434, 1437-38 (9th Cir.1986). Here, Sheffer independently investigated as many of Bishop's factual assertions as he was able to prior to issuance of the search warrant. In particular, as the offense underlying this prosecution was unfolding, Sheffer confirmed every detail Bishop was feeding him about Austin's means of transportation, route, and destination. Sheffer reported his ongoing confirmation of Bishop's tips in the supporting affidavit. This highly reliable information was critical to the affidavit's establishment of probable cause.
 
 
 22
 In Dozier, we found the fact the informant's statements were against his penal interests lent considerable support to his credibility. 844 F.2d at 706-07; see also United States v. Roberts, 747 F.2d 537, 544 (9th Cir.1984). Here, Bishop's statements to Sheffer were against her penal interests in that they implicated her in the same set of drug trafficking offenses as those for which Austin was being investigated.
 
 
 23
 Lastly, the fact that Bishop may have had the ulterior motive of seeking revenge against Austin for pistol-whipping her is not sufficient to undermine the credibility of her statements included by Sheffer in the affidavit. See United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir.1988).
 
 
 24
 At the conclusion of the Franks hearing below, the magistrate went so far as to opine that including the relevant information about Bishop's identity and her direct personal involvement with Austin and his criminal activity "would have strengthened rather than weakened the showing of probable cause" in the affidavit. Upon reviewing the record, we are of the same opinion.
 
 
 25
 Thus, we conclude the district court properly denied Austin's motion to suppress after holding the Franks hearing.
 
 
 26
 II. Sufficiency of the Evidence As to the Charge of Using or Possessing a Firearm During and in Relation to a Drug Trafficking Crime
 
 
 27
 Austin made two motions under Federal Rule of Criminal Procedure 29 for entry of judgment of acquittal: one at the close of the prosecution's case, and one after the jury returned its verdict of guilty. Both were denied. He now renews his challenge to the sufficiency of the evidence to sustain his conviction under 18 U.S.C. section 924(c) for using or possessing a firearm during and in relation to a drug trafficking offense.
 
 
 28
 There is sufficient evidence to support a conviction if, "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 29
 We have held a conviction under 18 U.S.C. section 924(c) may be sustained under a Pinkerton conspiracy theory of guilt.[1] United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir.1989).
 
 
 30
 On appeal, Austin does not contest the sufficiency of the evidence to support his conviction of conspiracy or any of the drug trafficking offenses with which he was charged. Thus, so long as there was sufficient evidence to sustain a finding by the jury that Danielle possessed or used any of the firearms in his apartment during and in relation to the drug trafficking offenses charged in this case, the firearm offense is properly chargeable to Austin.
 
 
 31
 There were several firearms and a considerable amount of ammunition in the apartment when it was searched, shortly after the warrant issued. Among these were a loaded 20 gauge shotgun and a loaded AK-47 semi-automatic assault rifle. In addition, there was another shotgun, a high-powered rifle in a zippered bag, and a substantial amount of ammunition for these weapons. At trial, Danielle testified that he had the guns to protect his family and "whatever else was in the apartment."
 
 
 32
 The location of these weapons appears to be significant. The loaded AK-47 was propped against the wall in the southeast bedroom of the apartment. The loaded shotgun was propped against the wall immediately beside the front door. Bishop testified that during previous drug transactions in the apartment, the loaded shotgun was always in the same place as it was found during the search. This is sufficient evidence from which a rational trier of fact could find the guns were loaded and placed where they were in order to be ready at hand should the drug transaction go sour or attract some sudden violent incursion.
 
 
 33
 In addition, Bishop's testimony regarding the presence of the shotgun during every previous drug transaction between Austin and Danielle is sufficient evidence to support the inference that Austin knew about, or reasonably could have foreseen, the presence and purpose of the firearms in Danielle's apartment. Thus, the evidence is sufficient to support Austin's conviction of using or possessing a firearm during a drug trafficking crime. See Johnson, 886 F.2d at 1124.
 
 CONCLUSION
 
 34
 For the reasons set forth above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Pinkerton v. United States, the Supreme Court held that defendants can be convicted of substantive offenses if they were parties to an unlawful conspiracy and the offenses charged were committed in furtherance thereof. 328 U.S. 640, 645-47 (1946)