33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent Anthony PATTON, Defendant-Appellant.
 No. 93-50696.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Aug. 16, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * A rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Even if Patton did not agree to use guns before the robbery, he became aware that guns were being used when he saw his codefendants brandishing them during the robbery. A defendant's actual knowledge that guns were used by a codefendant is sufficient to support a conviction under Sec. 924(c) on an aiding and abetting theory, regardless of whether it was foreseeable beforehand that guns would be used. United States v. Johnson, 886 F.2d 1120, 1124 (9th Cir.1989).
 
 
 3
 Patton's conviction under Sec. 924(c) on an aiding and abetting theory was supported by the same evidence that supported his armed robbery conviction. Three witnesses testified that one of the robbers prominently displayed a gun during the robbery. The district court found Patton's claim that he did not see the guns was not credible, and that Patton knew that guns were being used but nevertheless continued to participate in the robbery. Reporter's Transcript, 5/12/93, at 87. These findings, which a rational trier of fact could have drawn from the evidence, were sufficient to convict Patton under Sec. 924(c) as an aider and abettor. See United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir.1992).
 
 II
 
 4
 The verdicts were not inconsistent. The district court acquitted Patton of conspiracy to commit armed robbery because the government did not prove beyond a reasonable doubt that Patton agreed before the robbery that guns would be used. However, the court convicted Patton as an aider and abettor of armed robbery because the court found beyond a reasonable doubt that Patton discovered guns were being used at some point during the robbery but continued to participate. Reporter's Transcript, 5/12/93, at 87-88. Patton's conviction on the Sec. 924(c) count was therefore consistent with his acquittal on the charge of conspiracy to commit armed robbery. Moreover, even if the two verdicts were logically inconsistent, it is well established that a criminal defendant may not seek review of a conviction solely on that basis. United States v. Powell, 469 U.S. 57, 69 (1984).
 
 III
 
 5
 Since it is not necessary that a defendant carry a gun himself to be convicted under Sec. 924(c), Johnson, 886 F.2d at 1123, it was not prosecutorial misconduct to charge Patton with the firearm offense simply because the government knew there were three robbers and only two guns.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider the argument, raised for the first time in Patton's reply brief, that his armed robbery conviction violates the Double Jeopardy Clause of the Constitution. United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992)