56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Lee SEHORN, Defendant-Appellant.
 No. 94-50527.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby Lee Sehorn appeals his conviction, following a jury trial, for use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c). Sehorn pleaded guilty to armed bank robbery and conspiracy to commit armed bank robbery in violation of 18 U.S.C. Secs. 371 and 2113(a) and (d). Sehorn contends that there was insufficient evidence to support his conviction under Sec. 924(c) because he had no knowledge that his coconspirator ("Kilgore") carried a firearm during the robbery. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review sufficiency of the evidence to determine "whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found [the defendant] guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Johnson, 886 F.2d 1120, 1124 (9th Cir. 1989), cert. denied, 494 U.S. 1089 (1990).
 
 
 4
 To sustain a conviction under 18 U.S.C. Sec. 924(c), the government must prove that a firearm was used in relation to the underlying offense, and that the defendant "used" or "carried" the firearm. See United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir. 1991). A conspirator may be held vicariously responsible under Sec. 924(c) if it was reasonably foreseeable that a coconspirator would carry a firearm in relation to the substantive offense. See Johnson, 886 F.2d at 1123 (citing Pinkerton v. United States, 328 U.S. 640, 645 (1946)); cf. United States v. Castaneda, 9 F.3d 761, 765 (9th Cir. 1993) (coconspirator's use of a firearm was too attenuated to be imputed to defendant where defendant's role in the drug conspiracy was minor), cert. denied, 114 S. Ct. 1564 (1994).
 
 
 5
 Despite Sehorn's claim that he never witnessed Kilgore carrying the firearm during the robbery, the evidence presented at trial supports the inference that Sehorn knew about, or could have reasonably foreseen, Kilgore's use of the firearm. Bank employees testified that Sehorn and Kilgore arrived at the bank together, and that while Sehorn forced tellers to put money in a bag, Kilgore stood nearby holding a firearm. Furthermore, there was testimony that the robbers communicated with each other during the robbery, and ultimately left the bank and walked down the street together. Police officers testified that they followed Sehorn, who was driving the getaway car, and Kilgore for several miles before they were pulled over. When officers searched the car, they found a firearm on the floor of the passenger's side.
 
 
 6
 Sehorn testified that although he and Kilgore met several times to plan the robbery, he never knew that Kilgore planned to use a firearm, nor did he know that Kilgore actually carried a firearm during the robbery. A reasonable jury could infer from Sehorn's implausible testimony that he had knowledge of Kilgore's use of a firearm during the bank robbery. See United States v. Stauffer, 922 F.2d 508, 515 (9th Cir. 1990) (defendant's implausible testimony may provide basis for jury to conclude that the opposite is true).
 
 
 7
 In addition, the jury was informed that Sehorn had pleaded guilty to the underlying crime of armed bank robbery and conspiracy to commit armed bank robbery. Based upon the evidence presented, a reasonable jury could find that Sehorn had knowledge of, or could have foreseen, his coconspirator's use of a firearm during the bank robbery. See Johnson, 886 F.2d at 1123; cf. Castaneda, 9 F.3d at 765.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3