**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Curley Emanuel JAMES, a/k/a Curly**
**Emanuel James, Defendant—**
**Appellant.**

**No. 05–50082.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Filed March 1, 2006.

William Crowfoot, AUSA, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Defendant–Appellant.

Before: THOMPSON, TROTT, and BEA, Circuit Judges.

### MEMORANDUM *

Curley Emanuel James appeals his jury conviction and sentence for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and aiding and abetting, in violation of 18 U.S.C. § 2(a); and use or carrying of firearms during a crime of violence, in violation of 18 U.S.C. § 924(c). James contends that (1) the district court erred in excluding unavailable co-defendant Brian Rashun Wilson's out-of-court statement that James was not involved in the bank robbery; (2) the district court erred in excluding a portion of a police videotape interrogation of government witness Nicole Grettenberg, thereby violating James's constitutional right of confrontation; (3) there is not sufficient evidence to support his conviction for use of a firearm during a crime of violence; (4) the district court erred in imposing a sentencing enhancement for physical restraint; and (5) the district court erred in imposing a sentencing enhancement for reckless endan-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

germent during flight. We have jurisdiction under 28 U.S.C. § 1291 and affirm James's conviction and sentence.

■ The district court did not abuse its discretion by not permitting James to introduce unavailable co-defendant Wilson's statement that James was not involved in the bank robbery. Wilson's out-of-court statement, exculpating James, is not admissible under Rule 804(b)(3) because it did not inculpate Wilson. Fed.R.Evid. 804(b)(3); *see also LaGrand v. Stewart*, 133 F.3d 1253, 1268 (9th Cir.1998); *United States v. Paguio*, 114 F.3d 928, 932–34 (9th Cir.1997).

The district court did not abuse its discretion or violate James's Sixth Amendment Confrontation Clause rights by excluding a portion of a videotape of a police interrogation of government witness Grettenberg in which the interrogator admonished her to tell the truth or go to jail. *See United States v. Lo*, 231 F.3d 471, 482 (9th Cir.2000) (stating that this court reviews "a trial court's decision to limit the scope of cross-examination for abuse of discretion, and will find a Confrontation Clause violation only if the trial court's ruling 'limits relevant testimony[,] ... prejudices the defendant' ... and denies the jury 'sufficient information to appraise the biases and motivations of the witness.'" (quoting *United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir.1999)) (alteration and omissions in original)). Here, the limited probative value of the excluded portion of the videotape was outweighed by the danger of misleading or confusing the jury in viewing the portion out of context. *See* Fed.R.Evid. 403. In addition, the jury received other information sufficient to appraise Grettenberg's alleged biases and motivations, including Grettenberg's own testimony regarding the excised portion of the videotape. *See Lo*, 231 F.3d at 482.

■ There was sufficient evidence under a *Pinkerton*[1] theory to sustain James's conviction for use or carrying of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The government introduced evidence that James was involved in the planning and execution of the bank robbery. The bank robbery was a takeover style robbery. An FBI agent testified that takeover style bank robberies typically involve firearms or other weapons to exercise control. Viewing the evidence in the light most favorable to the government, it was reasonably foreseeable to James that a firearm would be used by his co-conspirators in the bank robbery. *See United States v. Johnson*, 886 F.2d 1120, 1123 (9th Cir.1989).

■ The district court did not err in imposing a two-level sentencing enhancement based on James's co-conspirator's physical restraint of the bank manager during the robbery. *See* U.S.S.G. § 2B3.1(b)(4)(B). James's co-conspirator's conduct of making the bank manager walk at gunpoint from her office to the teller line constitutes "physical restraint." *See United States v. Parker*, 241 F.3d 1114, 1118 (9th Cir.2001); *United States v. Thompson*, 109 F.3d 639, 641–42 (9th Cir.1997).

The district court also did not err in imposing a two-level sentencing enhancement for reckless endangerment during flight. *See* U.S.S.G. § 3C1.2. James's and his co-conspirators' prolonged standoff with police "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *Id.; see also United States v. Campbell*, 42 F.3d 1199, 1205–06 (9th Cir.1994).

---

1. *See Pinkerton v. United States*, 328 U.S. 640, 646–47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

We do not remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005), because James has indicated that he does not wish to pursue resentencing.

**AFFIRMED.**