**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mohan S. GREWAL,**
**Defendant-Appellant.**

**No. 86–5519.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1987.

Decided Aug. 17, 1987.

---

Frank DiSabatino, Van Nuys, Cal., and Mohan Grewal, Boron, Cal., for defendant-appellant.

Craig DeRoy and Stephen G. Wolfe, Los Angeles, Cal., for plaintiff-appellee.

Before NELSON, HALL and THOMPSON, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Mohan S. Grewal (Grewal) appeals the district court's denial, without an evidentiary hearing, of his 28 U.S.C. § 2255 (section 2255) motion to vacate his sentence. We affirm.

### I

On September 4, 1984, a twelve-count indictment was filed in the United States District Court for the Northern District of Illinois charging Grewal with mail fraud, in violation of 18 U.S.C. § 1341, and transportation of stolen money and securities, in violation of 18 U.S.C. § 2314. Count one of the indictment alleged a scheme by Grewal to defraud potential and existing clients by using false representations. Counts two and seven of the indictment alleged specific instances in which Grewal used the mails to advance his scheme.

On October 19, 1984, the United States District Court for the Central District of California filed Grewal's consent to transfer the case from Illinois for the purpose of plea and sentence. The court held a plea hearing on November 5, 1984, during which Grewal, pursuant to a plea bargain, pleaded guilty to counts two and seven of the indictment.

The court held a sentencing hearing on December 6, 1984. At this hearing, the court became concerned with the factual basis for the pleas and Grewal's willingness to proceed with the pleas. The court granted a continuance until the next day for the government to obtain further information from Illinois about the case. The hearing resumed on December 7, 1984. The government furnished further information providing a factual basis for the pleas. In spite of this information, the court offered Grewal the opportunity to withdraw his pleas. Grewal, through his attorney, persisted in the pleas. The court sentenced Grewal to three years imprisonment on count two and ordered him to pay $5,000 restitution pursuant to 18 U.S.C. § 3579. The court sentenced Grewal to five years probation on count seven to run consecutively to the sentence on count two and ordered Grewal to pay $5,500 restitution pursuant to 18 U.S.C. § 3651 as a condition of probation. The court dismissed the remaining counts of the indictment upon the government's motion.

On October 16, 1985, Grewal filed the section 2255 motion that is the basis for this appeal. The district court denied the motion on December 30, 1985. Grewal timely appeals.

## II

In his section 2255 motion, Grewal claims that his guilty pleas were taken in violation of Fed.R.Crim.P. 11 (Rule 11) because the district court did not inform him that he could be ordered to pay restitution. Grewal seeks to withdraw his guilty pleas. We review a district court's denial of a section 2255 motion de novo. *United States v. Quan,* 789 F.2d 711, 713 (9th Cir.), *cert. dismissed,* —— U.S. ——, 107 S.Ct. 16, 92 L.Ed.2d 770 (1986).

■ For a section 2255 movant to successfully challenge a guilty plea based upon a violation of Rule 11, he must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979); *United States v. Rivera-Ramirez,* 715 F.2d 453, 456 (9th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 364 (1984). He must also establish that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty. *Timmreck,* 441 U.S. at 784, 99 S.Ct. at 2087; *Rivera-Ramirez,* 715 F.2d at 456.

When Grewal entered his plea, Rule 11(c)(1) required the court to inform the defendant of the "maximum possible penalty", without further specificity. Fed.R. Crim.P. 11(c)(1) (1982). The 1985 amendment to Rule 11(c)(1) explicitly requires the district court to inform the defendant of the possibility of a restitution order. *See* Fed.R.Crim.P. 11(c)(1) (1986), advisory committee note. On November 5, 1984, when Grewal pleaded guilty, he was not advised of the possibility of restitution.

In the related context of federal habeas review of state criminal convictions, we have repeatedly held that there is no constitutional error where a trial court has not informed the defendant on the record of the maximum possible penalty, if the defendant otherwise knows the maximum possible penalty. *See, e.g., Carter v.*

*McCarthy,* 806 F.2d 1373, 1375–76 (9th Cir. 1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 198 (1987); *Quiroz v. Wawrzaszek,* 749 F.2d 1375, 1378 (9th Cir.1984), *cert. denied,* 471 U.S. 1055, 105 S.Ct. 2119, 85 L.Ed.2d 483 (1985). The record in this case shows that, while Grewal was not informed of the possibility of restitution at his plea hearing, he was aware of it prior to his sentencing, was given the opportunity to withdraw his pleas, and yet persisted in pleading guilty.

■ Grewal received the presentence investigation report (PSI) by December 6, 1984, the first day of his sentencing hearing; the PSI recommended that the court impose restitution as a penalty. Grewal stated on the record that he had read the PSI. Grewal also stated that he had discussed the PSI with his attorney. Later, on December 7, 1984, the second day of the sentencing hearing, the court gave Grewal the opportunity to withdraw his guilty pleas. Grewal, through his attorney, persisted in the pleas, despite the fact that he then knew that restitution was a possible penalty. Moreover, Grewal himself addressed the court before sentence was imposed, stating that "all I can say is that I pray that you will give me an opportunity to make up the losses for the investors." The record demonstrates not only that Grewal was aware of the possibility of restitution when he reaffirmed his guilty pleas but also that he was eager to make restitution. When viewed against the record, Grewal's claim that he was unaware of the possibility of restitution and would not have pleaded guilty had he known is so patently incredible that summary dismissal without an evidentiary hearing was proper. *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir.1985).

## III

■ Grewal also attacks his conviction on the ground that he was denied effective assistance of counsel. He contends that his attorney failed to investigate the lack of intent and good faith defenses to mail fraud. This claim fails because Grewal

does not allege that he informed his defense attorney or that his defense attorney knew of any facts that would have required a reasonably competent attorney to investigate the lack of intent or good faith defenses. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Moreover, any claim of ineffective assistance of counsel is contradicted by Grewal's own declarations made under oath and on the record. Grewal stated that he had had sufficient time to discuss the case with his attorney, that he was satisfied that his attorney had fully considered any defenses to the charges, and that he was satisfied with the representation and advice of his attorney. These declarations concerning the performance of Grewal's counsel were made in open court under oath and thus carry a strong presumption of verity. *Chua Han Mow v. United States,* 730 F.2d 1308, 1311 (9th Cir.1984), *cert. denied,* 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985); *Rivera-Ramirez,* 715 F.2d at 458. On the record, there was simply no reason to believe that the lack of intent or good faith defenses might apply. Hence, there was no duty for a reasonably competent defense attorney to explore these defenses. *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065.

■ Grewal also contends that his attorney failed to investigate the strength of the government's case in order to determine the likelihood of conviction after a trial. We reject this claim as well. In the supplement to his section 2255 motion, Grewal claimed that the main reason he pleaded guilty was that he lacked funds to pay travel and living expenses during a trial in Chicago. This contradicts his allegation that he would not have pleaded guilty had his attorney investigated the strength of the government's case. *See Hill v. Lockhart,* 474 U.S. 52, 57–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Grewal's claims of ineffective assistance of counsel, when viewed against the record, are so patently incredible that summary dismissal without an evidentiary hearing was proper. *Marrow,* 772 F.2d at 526.

## IV

■ Grewal also claims that the district court erred in failing to discuss the appropriate factors for imposing restitution on the record. Our review of the record convinces us that the district court considered all of the factors set forth in 18 U.S.C. § 3580(a). The court is not required to discuss the factors with the defendant on the record. *See United States v. Ruffen,* 780 F.2d 1493, 1495 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986); *United States v. Keith,* 754 F.2d 1388, 1393 (9th Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985).

## V

■ Finally, Grewal contends that the amount of restitution imposed as a condition of probation exceeds the actual loss suffered by the victim. We will not consider this issue on appeal because Grewal did not raise it at the district court level. *See United States v. Hoelker,* 765 F.2d 1422, 1425 (9th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1219, 89 L.Ed.2d 330 (1986); *United States v. Whitten,* 706 F.2d 1000, 1012 (9th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984).

## VI

The district court's summary dismissal, without an evidentiary hearing, of Grewal's 28 U.S.C. § 2255 motion to vacate his sentence was proper.

AFFIRMED.