953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. MATEO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Allen NICHOLS, Defendant-Appellant.
 Nos. 90-10477, 90-10513.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1991.
Decided Jan. 16, 1992.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Mateo and David Allen Nichols appeal their convictions and sentences.
 
 
 3
 * Viewed in the light most favorable to the government, the evidence at trial proved the existence of one conspiracy. United States v. Arbelaez, 719 F.2d 1453, 1457 (9th Cir.1983), cert. denied, 467 U.S. 1255 (1984). There was no material variance between the conspiracy charged in the indictment and the conspiracy which was proven at trial. Id. at 1457-58.
 
 
 4
 The defendants offered a jury instruction on multiple conspiracies but did not object when the trial court refused it. Hence, we review for plain error. Fed.R.Crim.P. 30, 52(b); United States v. Loya, 807 F.2d 1483, 1487, 1490 (9th Cir.1987). Nevertheless, under any standard of review, the instructions given "fairly and adequately cover[ed] the issues presented." United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985). The government produced ample evidence that the defendants were involved in "one overall agreement" to pursue an illegal course. United States v. Zemek, 634 F.2d 1159, 1167 (9th Cir.1980), cert. denied, 450 U.S. 916 (1981). The instruction "adequately informed the jury that it could not find a defendant guilty of an uncharged conspiracy even if proved." Loya, 807 F.2d at 1492.
 
 II
 
 5
 We do not review ineffective assistance of counsel claims on direct appeal unless the attorney's performance was so inadequate that it was plain error for the district court not to address the problem sua sponte. United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987). Nichols' contention that his counsel's performance met such test is unsupported by the record. Hence, we do not reach the merits of his claim. United States v. Houtchens, 926 F.2d 824 (9th Cir.1991).
 
 III
 
 6
 Appellants challenge the calculation of the base offense level used in sentencing. A hearing on the pre-trial motion to dismiss resulted in a stipulation that the government would not put on evidence at trial or at sentencing regarding unsampled destroyed chemicals. However, as the court pointed out in reviewing its notes before trial, the discussion arose in the context of the forty-six buckets of waste chemicals, and the government had stipulated that it would not rely "on the unsampled destroyed waste product in the buckets." RT May 29, 1990, pg 4. Neither defendant objected to this characterization of the stipulation. Even more significantly, neither defendant objected to the pre-sentence report's calculation of the drug laboratory's production capability or the district court's acceptance of the revised pre-sentence report. Hence, their claim is waived and we need not consider it on appeal. United States v. Christoffel, No. 90-10405, slip op. at 16620-21 (9th Cir. Dec. 19, 1991); United States v. Grewal, 825 F.2d 220, 223 (9th Cir.1987).
 
 
 7
 Nevertheless, the pre-sentence report and the district court did correctly calculate the size and capability of the defendants' drug laboratory by considering the precursor chemicals seized. United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991); U.S.S.G. § 2D1.4, comment 2. The pre-sentence report did not consider the waste materials which the government agreed not to use at trial or in sentencing. Thus, the district court did not err, and we affirm the calculation of the base offense level. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990).
 
 IV
 
 8
 Numerous cases have recognized the close relationship between guns and drug trafficking. United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir.1989), cert. denied, 110 S.Ct. 1830 (1990); United States v. Ramos, 861 F.2d 228, 231 n. 3 (9th Cir.1988). We are persuaded that it is reasonable for co-conspirators to assume guns are present. Johnson, 886 F.2d at 1123; Ramos, 861 F.2d at 231 n. 3; United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990).
 
 
 9
 A conviction for firearm use is proper under a conspiracy theory even when "[n]o direct evidence was presented that [the defendant] possessed a weapon or that she knew of the weapons found in the house or car." Johnson, 886 F.2d at 1123. Hence, an enhancement under the Guidelines for possessing a firearm is also proper under a conspiracy theory. Garcia, 909 F.2d at 1349-50; U.S.S.G. § 1B1.3, comment 1. See also United States v. Torres-Rodriguez, 930 F.2d 1375, 1382, 1387 (9th Cir.1991). Consequently, Nichols' sentence was properly enhanced under U.S.S.G. § 2D1.1(b)(1) when evidence disclosed that his co-conspirator possessed a weapon in furtherance of their conspiratorial objective.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3