962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Willie SMITH, Petitioner-Appellant,
v.
Talmadge BARNETT; Attorney General of North Carolina,
Respondents-Appellees.
 No. 90-6028.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 20, 1992
Decided: May 21, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CA-89-547-G)
 James Willie Smith, Appellant Pro Se.
 Richard Norwood League, Office of The Attorney General of North Carolina, Raleigh, North Carolina, for Appellees.
 M.D.N.C.
 DISMISSED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Willie Smith appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Smith was indicted in Guilford County, North Carolina, for three drug offenses and for being a habitual offender with respect to each offense. A jury convicted him of one drug offense. Following the return of the verdict and before evidence was presented on whether he was a habitual offender, Smith entered into a plea agreement. The agreement provided that he would plead guilty to the outstanding indictments, and that all convictions would be consolidated for one sentence of not more than thirty years, to run consecutively to a sentence imposed in Durham County that he was currently serving.
 
 
 3
 The plea agreement was silent as to any fine that might be imposed. The terms of the plea agreement were recited to Smith at the plea proceeding; a fine was not mentioned. The court sentenced Smith to twenty-four years' imprisonment, to run consecutively to the Durham County sentence, and imposed a $10,000 fine.
 
 
 4
 To be valid, a guilty plea must be knowingly, intelligently, and voluntarily entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969). Voluntariness depends upon a full understanding of the direct consequences of the plea. Machibroda v. United States, 368 U.S. 487, 493 (1962). Direct consequences of a plea include fines. See Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1366 (4th Cir.) (consequence is direct if it "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment"), cert. denied, 414 U.S. 1005 (1973).
 
 
 5
 The state court did not advise Smith that a fine was a possible penalty before accepting his guilty plea, and Smith claims he did not know that a fine could be imposed. Because, however, Smith did not allege that he would have gone to trial rather than plead guilty if informed of the possible fine, we reject his claim that his plea cannot stand. See United States v. Grewal, 825 F.2d 220, 222 (9th Cir. 1987).
 
 
 6
 We find Smith's other contentions to be without merit. By pleading guilty, Smith waived his right to challenge the selection of his grand jury foreman as racially discriminatory. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). He may not raise original trial counsel's failure to return the unearned portion of a fee in a federal habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). Under Fields v. Taylor,-F.2d-, No. 90-6695 (4th Cir. Feb. 26, 1992), Smith's claim that, but for counsel's errors, he would have pled guilty to a different plea bargain and received a more favorable sentence does not warrant relief. Fields established that a defendant who pleads guilty must show instead that, but for counsel's errors, he would not have pled guilty but would have gone to trial. Id., slip op. at 12-13. Smith did not make such an allegation.
 
 
 7
 Smith simply is incorrect when he asserts that he was convicted only of one count of being a habitual felon, while he was sentenced on three counts. In truth, there were three habitual felon convictions that were consolidated for a single sentence. The introduction of a conviction that was ten years old for purposes of establishing that Smith was a habitual felon was proper. Finally, charging him in one indictment with two counts of being a habitual felon was not a violation of double jeopardy.
 
 
 8
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The motion for leave to proceed in forma pauperis is granted, and the motion for appointment of counsel is denied.
 
 DISMISSED