979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freddie B. BROWN, III, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3382.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Freddie Brown, pro se, appeals the district court's order denying his motion to vacate his sentence, which he filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In March of 1990, Brown pled guilty to five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and a firearms violations under 18 U.S.C. § 924(c). Pursuant to the Federal Sentencing Guidelines, he was sentenced to a total of 181 months in prison, to be followed by 60 months of supervised release. A special assessment of $300 was also imposed. He was subject to a maximum penalty of 130 years imprisonment and a fine of over $1,000,000.
 
 
 3
 In support of his motion filed in the district court, Brown alleged nine bases for the relief he seeks. He included as one of the grounds for relief his contention that he did not understand the consequences of his guilty plea.
 
 
 4
 On appeal, Brown concedes that he has waived all the allegations of error enumerated except the assertion and claim that he did not understand the consequences of his guilty plea because he was unaware that a five-year supervised release term could be imposed as part of his sentence. Brown also moves for appointment of counsel on appeal.
 
 
 5
 To prevail under § 2255, Brown must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). To make a successful challenge for a violation of Fed.R.Crim.P. 11, Brown must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). He must also establish prejudice in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty. Timmreck, 441 U.S. at 784; Grewal, 825 F.2d at 222.
 
 
 6
 This court has determined that a trial court must substantially comply with Fed.R.Crim.P. 11 in advising a defendant before accepting a guilty plea. United States v. Stead, 746 F.2d 355, 356 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). We have recently decided, pursuant to Rule 11(h), that a technical failure to comply with Rule 11 does not necessarily require a vacation of a plea and an opportunity for a new plea, when the district court committed harmless error. United States v. Syal, 963 F.2d 900, 905-06 (6th Cir.1992). In Syal, this court specifically recognized that, in some circumstances, "a court's failure to notify the defendant that sentence will include supervised release may be harmless error," stating:
 
 
 7
 Although courts have sometimes found the failure to notify the defendant of supervised release to be harmless error, such a failure is error and is excused as harmless only where the defendant's substantial rights have not been affected.... Substantial rights may not be affected when a defendant is informed of the maximum penalty and that penalty markedly exceeds the penalty the defendant received, including the period of supervised release and any additional incarceration time that might result from violation of supervised release condition [sic].
 
 
 8
 Id. at 906 (emphasis added).
 
 
 9
 This case falls squarely within the circumstances described by the court in Syal, wherein the defendant's substantial rights were not affected, because: 1) the penalty for the crimes markedly exceeded the penalty the defendant actually received, taking into account any period of supervised release that might eventually result in an actual period of incarceration; and 2) the defendant's supervised release provision was part of a presentence report which the defendant's counsel declared was reviewed by Brown prior to sentencing. We hold that Brown's claim that his plea was unlawfully induced and not voluntarily made is without merit.
 
 
 10
 Brown's claim that he was not provided effective assistance of counsel is likewise meritless. The record shows that Brown, in open court, thanked his attorney for representing him and that the sentencing judge made several comments on this counsel's "eloquent representation" on behalf of Brown. Solemn declarations in open court carry a strong presumption of verity and subsequent presentation of conclusory allegations unsupported by specifics are subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. Blackledge v. Allison, 431 U.S. 63 (1977). There is nothing in the record to support Brown's allegations, on appeal, that his counsel did not understand the portions of the Sentencing Guidelines applicable to his case or that he did not represent Brown to the best of his ability. Moreover, Brown has not established that his counsel prejudiced him so that there was a reasonable probability that, but for counsel's errors, Brown would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 11
 Accordingly, Brown's motion for the appointment of counsel is DENIED, and the district court's order denying his motion to vacate his sentence is hereby AFFIRMED. Rule 9(b)(3), Rules of the Sixth Circuit.