52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald A. WILLIAMS, Defendant-Appellant.
 No. 94-16436.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald A. Williams, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, correct, or set aside his sentence. Following the entry of a guilty plea, Williams was convicted of manufacturing marijuana plants in violation of 21 U.S.C. Sec. 853(a)(2). Williams contends that the district court unlawfully imposed a special parole term because the district court did not inform Williams of this term, so that Williams was unaware of the maximum possible penalty when he entered his guilty plea. We have jurisdiction under 28 U.S.C. Sec. 2255. We review the district court's denial of a Sec. 2255 motion de novo and findings of fact for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993). We vacate and remand.
 
 
 3
 Williams contends that he is entitled to Sec. 2255 relief because he was unaware of the maximum possible penalty when he entered his guilty plea and he would not have pleaded guilty if he had been informed of the special parole term. These contentions have merit.
 
 
 4
 Pursuant to Fed.R.Crim.P. 11(c)(1), the district court must advise the defendant of the "maximum possible penalty provided by law, including the effect of any special parole or supervised release term" before accepting the defendant's guilty plea. Roberts, 5 F.3d at 368; United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). For a Sec. 2255 movant to successfully challenge a guilty plea based upon a violation of Rule 11, he or she must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure. Fed.R.Civ.P. 11(h); United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (no relief for mere technical violation of Rule 11); Grewal, 825 F.2d at 222. The movant must also establish prejudice by showing that he or she was unaware of the consequences of the plea, and if properly advised, he or she would not have pleaded guilty. Timmreck, 441 U.S. at 784, Grewal, 825 F.2d at 222.
 
 
 5
 Where the court has failed to advise the defendant of the maximum possible penalty, the record must demonstrate that the defendant was otherwise aware of the maximum possible penalty at the time he entered his plea. United States v. Kennell, 15 F.3d 134, 137-38 (9th Cir.1994); United States v. Graibe, 946 F.2d 1428, 1434 (9th Cir.1991); see Roberts, 5 F.3d at 369-70 (explaining that defendant should not receive sentence longer than one discussed at plea hearing); Grewal, 825 F.2d at 222 (holding that no constitutional violation occurs if defendant knows of maximum possible penalty despite court's failure to provide this advice). The defendant must have knowledge of this information before the entry of the guilty plea, not some time after the plea. Graibe, 946 F.2d at 1434; United States v. Jaramillo-Suarez, 857 F.2d 1368, 1372 (9th Cir.1988). Thus, in order to determine whether the defendant was aware of the consequences of the plea, the reviewing court is limited to the contents of the record of the plea proceedings. Kennell, 15 F.3d at 138; Graibe, 946 F.2d at 1434; see Roberts, 5 F.3d at 370.
 
 
 6
 Here, the parties do not dispute that the district court failed to advise Williams of the special parole term. In addition, both the parties and the district court agreed that a Rule 11 violation occurred. The parties, however, disagree as to whether Williams is entitled to Sec. 2255 relief. We hold that Williams is entitled to Sec. 2255 relief since the error was more than a mere technical violation of Rule 11. See Timmreck, 441 U.S. at 783-84; Kennell, 15 F.3d at 138; Roberts, 5 F.3d at 370.
 
 
 7
 First, the record of Williams' plea proceeding fails to demonstrate that Williams was aware of the special parole term at the time he entered his guilty plea. See Kennell, 15 F.3d at 138. Since the district court did not advise Williams of the special parole term, it did not advise him of the maximum possible penalty in this case. See Roberts, 5 F.3d at 370. In addition, Williams did not indicate that he was otherwise aware of the special parole term. See Kennell, 15 F.3d at 138; Grewal, 825 F.2d at 222. The district court's determination that Williams became aware of the special parole term when he read the presentence report on the first day of sentencing, is irrelevant to whether Williams was aware of the maximum possible penalty when he entered his guilty plea. See Graibe, 946 F.2d at 1434; Jaramillo-Suarez, 857 F.2d at 1372.[1] Accordingly, the record of the plea proceeding does not show that Williams was aware of the maximum possible penalty at the relevant time. See Kennell, 15 F.3d at 138; Grewal, 825 F.2d at 222.[2]
 
 
 8
 Second, Williams indicated that he would not have pleaded guilty if he had been aware of the special parole term. See Grewal, 825 F.2d at 222. At the evidentiary hearing, the district court determined that Williams was concerned with how much time he would immediately serve in custody as well as the duration and conditions of his subsequent probation. The court then concluded that Williams would have pleaded guilty anyway, since Williams received an extremely lenient sentence of 179 days in custody. The district court's ultimate conclusion, however, is clearly erroneous since it contradicts the court's finding that Williams was concerned with the length of his entire sentence, including probation. Williams was concerned with all restrictions on his liberty so that he probably would have been concerned with a special parole term as well. Thus, Williams' claim that he would not have pleaded guilty if he had been aware of the special parole term is not patently incredible See id. (holding defendant's claim patently incredible where defendant indicated not only that he was aware of possibility of restitution but that he wanted opportunity to make up losses).
 
 
 9
 Accordingly, we remand this case to the district court and instruct the judge either to delete the three year term of special parole from the sentence or allow Williams to replead. See Roberts, 5 F.3d at 370.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, Williams' reading of the presentence report does not mean that he understood the implications of the special parole provisions. See Kennell, 15 F.3d at 138 (defendant's reading of plea agreement does not mean he understood implications of each provision); Roberts, 5 F.3d at 370 (court must inquire whether defendant understood meaning of supervised release or its effect)
 
 
 [2]
 Grewal is distinguishable from the instant case because the district court determined that Grewal was aware of the maximum possible penalty prior to his sentencing, and the district court gave Grewal an opportunity to withdraw his guilty plea after he became fully aware of this information. See Grewal, 825 F.2d at 222. Thus, although Grewal did not become aware of the maximum possible penalty until after he entered his first guilty plea, the sentencing hearing provided Grewal with the opportunity to withdraw his first plea and essentially enter a second guilty plea. See id