87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Ruiz SIFUENTEZ, Defendant-Appellant.
 No. 95-35146.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Ruiz Sifuentez appeals pro se the denial of his 28 U.S.C. § 2255 motion. Sifuentez contends that the district court failed to comply with Fed.R.Crim.P. 11 at his plea hearing, his counsel was ineffective for failing to prosecute his direct criminal appeal, and that he was denied his right to collaterally attack a prior conviction that was used to enhance his sentence. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the denial of a section 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.[1]
 
 
 3
 * Rule 11
 
 
 4
 Sifuentez contends that the district court violated Rule 11 by failing to inform him of his right to confront and cross-examine adverse witnesses. This contention lacks merit.
 
 
 5
 Before accepting a guilty plea, Rule 11(c) requires that the district court inform the defendant of his right to confront and cross-examine witnesses. See Fed.R.Crim.P. 11(c)(3); United States v. Gastelum, 16 F.3d 996, 998 (9th Cir.1994). "For a section 2255 movant to successfully challenge a guilty plea based upon a violation of Rule 11, he must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987); United States v. Timmreck, 441 U.S. 780, 783-85 (1979) (technical violations of Rule 11 will not support collateral relief). "He must also establish that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." Grewal, 825 F.2d at 222; Timmreck, 441 U.S. at 783-85.
 
 
 6
 Here, Sifuentez acknowledged that he signed the plea agreement after carefully reviewing it with his attorney at the plea hearing. The plea agreement set forth in detail Sifuentez's rights under Rule 11, including the right to confront and cross-examine adverse witnesses. At the plea hearing, the district court informed Sifuentez that if the court accepted his guilty plea would he forego his right to trial. Sifuentez understood and accepted the conditions of his guilty plea.
 
 
 7
 Because the record shows that Sifuentez had knowledge of his right to confront and cross-examine witnesses, the district court's variance amounted to a technical violation. See Grewal, 825 F.2d at 222 (stating that defendant was presumed to have knowledge of possible restitution where record demonstrated that defendant read and reviewed presentence report with his attorney); United States v. Kearney, 750 F.2d 787, 790-91 (9th Cir.1984) (stating that record indicated that defendant had actual knowledge of sentencing consequences although not personally informed by magistrate judge). Thus, the district court's variance from the technical requirements of Rule 11 cannot be viewed as having resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure. See Timmreck, 441 U.S. at 783-85; Grewal, 825 F.2d at 222. Sifuentez has also failed to show that he was prejudiced by the error because he has not shown that he would not have pleaded guilty if properly advised. See Timmreck, 441 U.S. at 783-85; Grewal, 825 F.2d at 222.[2]
 
 II
 Ineffective Assistance of Counsel
 
 8
 Sifuentez contends that his counsel was ineffective for failing to prosecute his direct criminal appeal. This contention lacks merit.
 
 
 9
 To succeed on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that he was prejudiced by this deficient performance. Strickland v. Washington, 466 U.S. 688, 687 (1984); United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To demonstrate prejudice, a defendant must show that but for counsel's errors, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 687; Span, 75 F.3d at 1387.
 
 
 10
 Here, Sifuentez consented in writing to the dismissal of his direct criminal appeal. For the first time, in his timely reply brief filed in the district court, Sifuentez argued that his counsel was ineffective for failing to prosecute his direct criminal appeal. Specifically, he claims that his counsel failed to raise the alleged Rule 11 violations. The district court had already issued its order denying Sifuentez's section 2255 motion before entertaining Sifuentez's reply brief.
 
 
 11
 Although the district court should have waited until the reply brief was filed before denying Sifuentez's section 2255 motion, because Sifuentez consented to the abandonment of his appeal his counsel's performance was within the range of reasonable professional assistance. See Strickland, 466 U.S. at 689; also United States v. Stearns, 68 F.3d 328, 330 (9th Cir.1995) (holding that ineffective assistance of counsel for failing to file notice of appeal depended on whether defendant consented to the abandonment of his appeal).
 
 III
 Prior Convictions
 
 12
 Sifuentez contends that he was denied the right to challenge a prior conviction that was used to enhance his sentence. This contention lacks merit.
 
 
 13
 A defendant does not have the right to attack collaterally a prior conviction used to enhance his sentence unless his prior conviction was obtained in violation of his right to be represented by appointed counsel. Custis v. United States, 114 S.Ct. 1732, 1737-39 (1994) (holding that a petitioner may only collaterally attack prior conviction used to enhance a sentence if his prior conviction was obtained in violation of right to counsel as defined in Gideon v. Wainwright, 372 U.S. 335 (1963)); United States v. McChristian, 47 F.3d 1499, 1502 (9th Cir.1995). Here, Sifuentez was represented by counsel during his 1982 criminal proceedings. Since Sifuentez does not claim that he was not represented by counsel during his 1982 criminal proceedings, he may not collaterally challenge his prior conviction. See Custis, 114 S.Ct. at 1737-39; McChristian, 47 F.3d at 1502.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 Sifuentez contends that the district court failed to inform him of the nature of the charges, develop a factual basis for his plea or make an inquiry into the accuracy of his guilty plea. Because these claims were not raised in the district court, we decline to address them on appeal. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)