91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Elizaha DIXON, aka: Robert E. Dixon, Defendant-Appellant.
 No. 95-55883.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Elizaha Dixon appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence following his guilty plea to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Dixon contends that: (1) the district court's imposition of separate sentences for armed robbery and use of a firearm during the armed robbery violates the Double Jeopardy Clause; (2) his plea was not knowing and intelligent; and (3) his counsel rendered ineffective assistance. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Dixon's § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.[1]
 
 
 3
 Dixon contends that because his use of a firearm during his offenses was already factored into his sentencing range, his double jeopardy rights were violated by the district court's imposition of a separate, consecutive sentence for violating § 924(c)(1).
 
 
 4
 The Double Jeopardy Clause is not violated by the imposition of consecutive sentences under 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c)(1). See United States v. Michlin, 34 F.3d 896, 900-01 (9th Cir.1994); see also United States v. Browne, 829 F.2d 760, 767 (9th Cir.1987) (noting that when it amended § 924(c), Congress expressly intended to authorize an "additional, cumulative sentence" for persons who also violate § 2113), cert. denied, 485 U.S. 991 (1988). Because it lacks legal support, we reject Dixon's contention. See Michlin, 34 F.3d at 900-01.
 
 
 5
 Dixon contends that the district court failed to inform him at the time he entered his guilty plea of the consequences of violating supervised release and of the effect of the Armed Career Criminal Act, and that his plea was therefore not knowing and intelligent.
 
 
 6
 A § 2255 movant must establish that he was prejudiced by being unaware of the consequences of his plea, and, that if properly advised, he would not have pled guilty. United States v. Timmreck, 441 U.S. 780, 784 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987).
 
 
 7
 Here, the record indicates that at the change of plea hearing, the district court informed Dixon of both the consequences of violating supervised release and of the effect on his sentence of his status as a career criminal. Dixon has failed to establish that he was prejudiced by being unaware of the consequences of his plea, and therefore is not entitled to § 2255 relief. See Timmreck, 441 U.S. at 784; Grewal, 825 F.2d at 222.
 
 
 8
 Dixon contends that his counsel rendered ineffective assistance by failing to inform him of the consequences of violating supervised release or of the effect of the Armed Career Criminal Act. Because there is no merit to the claims that form the basis of Dixon's ineffective assistance claim, Dixon has not demonstrated prejudice and his claim fails. See Strickland v. Washington, 466 U.S. 668, 687, 697 (1984).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's denial of Dixon's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal