94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rory A. JOHNSON, Defendant-Appellant.
 No. 96-15152.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rory A. Johnson appeals pro se the district court's denial of his motion for 28 U.S.C. § 2255 relief. Johnson was convicted after pleading guilty to three counts of bank robbery, and sentenced as a career offender. Johnson claims the district court erred, first, by relying on an invalid prior conviction to sentence him as a career offender, second, by failing adequately to apprise him of the nature of the charges before accepting his guilty plea and, third, by failing to establish an adequate factual basis before accepting the plea. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo a district court's denial of relief under 28 U.S.C. § 2255. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). A defendant has no collateral right to attack prior counseled convictions used to enhance his sentence. United States v. Burrows, 36 F.3d 875, 885 (9th Cir.1994) (citing Custis v. United States, 511 U.S. 485 (1994)). Accordingly, the district court properly denied Johnson's first claim. See id.
 
 
 4
 A defendant challenging the adequacy of Rule 11 warnings by way of a section 2255 motion must establish that the flawed colloquy "resulted ... in a proceeding inconsistent with the demands of fair procedure" and that, if properly advised of the consequences of his plea, he would not have pled guilty. United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987).
 
 
 5
 Here, Johnson complains that the district court did not inform him that, to be convicted of bank robbery, he had to have used "force, violence or intimidation" and that he had to have robbed a federally-insured bank. Johnson relies on United States v. Smith, 60 F.3d 595 (9th Cir.1995) to support his claim.
 
 
 6
 We reject this analogy. In Smith, we vacated a defendant's conviction of bank robbery on direct appeal because "there [was] not a word in the transcript of the plea proceedings that identifie[d] the crime charged, to say nothing of describing its nature." Id. at 599. Here, beside setting forth the facts underlying each charge, the district court repeatedly referred to the "bank robberies." Johnson makes no claim either that the banks he robbed were not federally-insured or that he did not use force, violence, or intimidation to rob them, and he shows no basis for his claim that he would not have pled guilty had the district court recited these elements of the crime. Because he has not shown prejudice, we uphold the district court's rejection of this claim. See Grewal, 825 F.2d at 222.
 
 
 7
 Johnson claims, finally, that the district court failed to establish a factual basis for the same two elements of the crime. The Federal Rules of Criminal Procedure require a district court to satisfy itself that there is an adequate factual basis to show all of the elements of an offense before accepting a plea. Fed.R.Crim.P. 11; United States v. Alber, 56 F.3d 1106, 1110 (9th Cir.1995). To do this, "the court may consider all of the evidence before it at the time of judgment." Id. (citing Fed.R.Crim.P. 11(f)).
 
 
 8
 The district court had before it a copy of the indictment charging Johnson with using force, violence or intimidation to rob federally-insured banks. Before pronouncing Johnson guilty of bank robbery, the court heard him admit that he robbed branches of Bank of America and First Interstate Bank. We hold that this information was enough to establish a factual basis for Johnson's plea, and that, in any event, its omission from the hearings did not result "in ... proceeding[s] inconsistent with the demands of fair procedure." See Grewal, 825 F.2d at 222. Accordingly, we affirm.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3