105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Earl ENNIS, Defendant-Appellant.
 No. 95-35481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Earl Ennis appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and life sentence for conspiracy to manufacture and possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846, and use of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c). Ennis contends that the district court: (1) lacked subject matter jurisdiction over the conspiracy charge; (2) violated Ennis's Fifth Amendment rights by accepting his guilty plea to an unindicted charge; and (3) violated Fed.R.Crim.P. 11(c). Additionally, Ennis contends that his trial counsel was ineffective. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 A. Subject Matter Jurisdiction
 
 3
 Ennis contends that the district court lacked subject matter jurisdiction because the second superseding indictment failed to charge him with distributing "methamphetamine (a substance) its salts, isomers, and salts of its isomers." We disagree.
 
 
 4
 Ennis was charged by second superseding indictment with "conspiracy to manufacture and possess with intent to distribute methamphetamine, a schedule II controlled substance," in violation of 21 U.S.C. §§ 841(a), 846. Ennis's contention that "methamphetamine, a schedule II controlled substance" is not the same as "methamphetamine its salts, isomers, and salts of its isomers" is without merit. See 21 U.S.C. § 812, Schedule II(c). Therefore, the district court had jurisdiction over the conspiracy charge.[1]
 
 B. Rule 11 Colloquy
 
 5
 Ennis contends that the district court violated Fed.R.Crim.P. 11(c)(1) by not informing him of the consequences of his guilty plea and by omitting the phrase "a schedule II controlled substance" from the judgment of conviction. Ennis claims that his guilty plea was therefore not knowing and voluntary.
 
 
 6
 Before accepting a guilty plea, the district court must inform the defendant of the charges and of the minimum and maximum statutory penalties and must assure on the record that the defendant understands the plea. Fed.R.Crim.P. 11(c)(1); United States v. Smith, 60 F.3d 595, 597 (9th Cir.1995). To successfully challenge a guilty plea based on a Rule 11 violation under section 2255, the prisoner must show that the violation amounted to a constitutional or jurisdictional error or a complete miscarriage of justice, and must establish prejudice by showing that he was unaware of the consequences of his plea and would not have pleaded guilty if properly advised. United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Grewal 825 F.2d 220, 222 (9th Cir.1987).
 
 
 7
 During the Rule 11 colloquy, the district court correctly advised Ennis of the mandatory minimum and maximum penalties relating to each of the charges. Additionally, the district court explained that the firearms charge carried a "mandatory [sentence] of five years without parole, without probation, and it's added on to or consecutive to any sentence on the drug charge." When asked whether Ennis understood the penalties he could receive if he pled guilty, Ennis replied "yes." Because the district court accurately and thoroughly advised Ennis of the consequences of his guilty plea, we reject Ennis's Rule 11 contention. See Timmreck, 441 U.S. at 783-85; Grewal, 825 F.2d at 222.[2]
 
 C. Ineffective Assistance of Counsel
 
 8
 Ennis contends that his counsel provided ineffective assistance by: (1) failing to argue that the district court lacked subject matter jurisdiction; and (2) permitting him to plead guilty to an unindicted charge. Because we reject these contentions, Ennis's claim that his counsel provided ineffective assistance by failing to raise such contentions is without merit. See United States v. Shah, 878 F.2d 1156, 1162 (9th Cir.1989) (failure to raise meritless legal argument does not constitute ineffective assistance of counsel).[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, because Ennis's second superseding indictment charged him with willfully conspiring to manufacture and possess with intent to distribute methamphetamine, a schedule II controlled substance, we reject Ennis's contention that the district court violated his Fifth Amendment rights by accepting his guilty plea to an unindicted charge. We additionally reject Ennis's contention that because the indictment failed to allege a specific quantity of methamphetamine, he was therefore only accountable for a "zero amount" of methamphetamine
 
 
 [2]
 Additionally, we reject Ennis's Rule 11 contention that he suffered prejudice as a result of the district court's omission of the phrase "a schedule II controlled substance" from the judgment of conviction. Ennis pled guilty following the district court's Rule 11 colloquy on November 27, 1991. The district court's judgment of conviction was entered on May 21, 1992. Ennis cannot show prejudice based upon an event which took place after the entry of his guilty plea. See Grewal, 825 F.2d at 222
 
 
 [3]
 Additionally, because Ennis did not raise in the district court his claim that counsel was ineffective by failing to raise the issue of whether the methamphetamine involved was D-methamphetamine or L-methamphetamine, we will not address it here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995)