122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John L. CALVERT, Defendant-Appellant.
 No. 96-35261.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington Fred L. Van Sickle, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John L. Calvert, a federal prisoner, appeals the district court's denial of his second 28 U.S.C. § 2255 motion to vacate his 24-month sentence imposed following his guilty plea to being a felon in possession of ammunition. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, see United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Calvert contends that his guilty plea was not knowing and voluntary for a number of reasons. He claims that the government (1) did not advise him that he was pleading guilty to a "violent" crime, (2) did not advise him that he might lose his property that had been booked into evidence, and (3) filed a second indictment against him in order to coerce him into pleading guilty to the felon in possession of ammunition charge in the first indictment. We disagree.
 
 
 4
 In order to prevail on a Fed.R.Crim.P. 11 challenge under § 2255, Calvert must establish that (1) the alleged violation amounted to a jurisdictional or constitutional error, or resulted in a complete miscarriage of justice, and (2) he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, he would not have pleaded guilty. See United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987).
 
 
 5
 Our review of the record reveals that the district court not only advised Calvert of the charge to which he was pleading, it also ascertained that Calvert understood the consequences of his plea. The Spokane police department's loss of Calvert's property, because it was not "a definite, immediate and largely automatic effect on the range of [Calvert's] punishment," see Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir.1988) (internal quotation marks omitted), was merely a collateral consequence of which the court was not obligated to advise Calvert, see id. at 235-36. The government's offer to Calvert, which he was free to accept or reject, was in exchange for the dismissal of a second indictment and his cooperation with another prosecution. Consequently, Calvert's plea was merely "induced by promises of a recommendation of a lenient sentence or a reduction of charges." See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). There is nothing in the record indicating that the second indictment was a "sham" to coerce Calvert's guilty plea. Calvert failed to establish that any of these alleged violations amounted to jurisdictional or constitutional errors or a complete miscarriage of justice, or that he suffered prejudice from such a violation. See Grewal, 825 F.2d at 222.
 
 
 6
 Calvert also contends that he was improperly denied pre-trial release as a result of the government's false statements to the magistrate judge at his detention hearing. We disagree. As the district court noted, Calvert failed to identify the allegedly false statements and this allegation is moot in light of his guilty plea. See Medina v. California, 429 F.2d 1392, 1393 (9th Cir.1970) (per curiam)
 
 
 7
 To the extent that Calvert contends that he was never arrested, we agree with the district court that he has waived this claim by pleading guilty. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Montilla, 870 F.2d 549, 552-53 (9th Cir.1939), amended on other grounds, 907 F.2d 115 (9th Cir.1990).
 
 
 8
 Calvert's contention that the indictment was incorrect and vague in that it regarded a "created fictional persona" of "JOHN CALVERT" is wholly without merit. We note that Calvert identified himself as "John Leonard Calvert" at the March 27, 1995, hearing. In addition, Calvert has waived this claim by pleading guilty. See Tollett, 411 U.S. at 267.
 
 
 9
 To the extent that Calvert challenges this court's previous denial of his writ of error coram vobis, we decline to reconsider our previous order. See Leslie Salt Co. v. United States, 55 F.3d 1388, 1393 (9th Cir.) (noting that we reconsider previously decided questions only if there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice), cert. denied, 116 S.Ct. 407 (1995).
 
 
 10
 Accordingly, the district court did not err by denying Calvert's § 2255 motion to vacate his sentence. See Angelone, 894 F.2d at 1130.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Calvert's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3