127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
Ausencio Lara ACOSTA, Defendant-Appellant.
 No. 96-17339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, Chief Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ausencio Lara Acosta, a federal prisoner, appeals the district: court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence following a guilty plea for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g (1). Acosta contends that: (a) the government breached its oral plea agreement because the government told him the maximum sentence was ten years; b) he received ineffective assistance of counsel in entering his plea; and (c) the district should have deferred acceptance of his plea pending preparation of the presentence report. We have jurisdiction under 28 U.S.C. § 2255. We review the district court's legal conclusions de novo, and its findings of fact for clear error. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995).
 
 A. Breach of Verbal Plea Agreement
 
 3
 Acosta contends that the government breached its oral plea agreement because the government told him the maximum sentence was ten years, and the court should have informed him of the maximum penalty. This contention lacks merit.
 
 
 4
 A defendant alleging a Fed. R.Crim. Proc. 11 violation in a section 2255 motion "must establish that the violation amounted to constitutional or jurisdictional error, or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewell, 825 F.2d 220, 222 (9th Cir.1987). "He must also establish that he was prejudiced in that he was unaware of the consequences of his plea, and if properly advised, would not have pleaded guilty." See id.
 
 
 5
 Here, at the plea hearing Acosta was advised that the maximum sentence was ten years but was also advised that he could be sentenced as a career criminal. Prior to sentencing Acosta was informed that the minimum was fifteen years, but he was given the opportunity to withdraw his plea and decided to proceed. Because Acosta was aware before sentencing that the minimum statutory sentence was fifteen years, and he was given the opportunity to withdraw his plea, he fails to show prejudice. See id.; Sanchez, 50 F.3d at 1451-52 914 F.2d at 167.
 
 B. Ineffective Assistance of Counsel
 
 6
 Acosta contends that he received ineffective assistance of counsel because counsel misadvised him of the consequences of his guilty plea. This contention lacks merit.
 
 
 7
 To establish ineffective assistance of counsel, a defendant must prove that his counsel's performance was unreasonable under prevailing professional standards, and that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). If it is possible to resolve an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 
 8
 Acosta does not establish that he was prejudiced by counsel's failure to advise him of the mandatory minimum sentence. After being told of the minimum sentence, he decided to proceed with his plea. Although, he was given the opportunity to withdraw his plea after learning of the sentence, he decided to go to trial. See Strickland, 466 U.S. at 697.
 
 C. Acceptance of the Guilty Plea
 
 9
 Finally, Acosta contends that the district court erred by not deferring acceptance of his guilty plea until after it had considered his presentence report. This contention lacks merit.
 
 
 10
 Here, the district court essentially deferred acceptance of the plea by giving Acosta the opportunity to withdraw his plea following the presentence report. Accordingly, the record refutes Acosta's claim because the court gave him the opportunity to withdraw his plea. See United States v. Hyde, 117 S.Ct. 1630, 1633 (1997) (explaining the distinction between deferral of the plea and the plea agreement).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3