**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wadell G. HOLMAN, Defendant–Appellant.**

**No. 00–10433.**

**D.C. No. CR–93–00264–JMR.**

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001.[*]

Decided April 18, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

## MEMORANDUM **

Federal prisoner Wadell G. Holman appeals the district court's order imposing a sentence of both incarceration and supervised release upon his admission that he had violated the requirements of his original term of supervised release. We have jurisdiction pursuant to both 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

Holman first challenges the district court's order stating that he was not advised of the possibility of additional supervised release following revocation. As a procedural matter, Holman waived his right to appeal on the Rule 11 issue. He had an opportunity to raise the issue on direct appeal and did not do so, nor did he attempt to raise the issue on collateral review. "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." *Alioto v. Cowles Communications, Inc.*, 623 F.2d 616, 618 (9th Cir.1980).

Were this Court to reach the merits of this contention, however, we would affirm the district court's order because Holman fails to establish, or even assert for that matter, that the error, if any, amounted "to a jurisdictional or constitutional error or ... resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure ... or that he was prejudiced in that he was unaware of the consequences of his plea, and if properly advised would not have pleaded guilty." *United States v. Grewal*, 825 F.2d 220, 222 (9th Cir.1987) (laying out standard of review for Rule 11 claims on collateral appeal).

Holman next challenges as illegal the district court's imposition of both a term of incarceration and supervised release. Holman's contention, however, is foreclosed by 18 U.S.C. § 3583(e)(3), which was in effect in 1993 when Holman committed the underlying offense, and which permits a district court to impose a sentence upon revocation of both incarceration and supervised release. *Johnson v. United States*, 529 U.S. 694, 702–03, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000).

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Finally, Holman's third claim fails for lack of merit. Because "supervised release has no statutory function until confinement ends," *United States v. Johnson,* 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), a term of supervised release remains unaffected by reason of excess time served in prison, *id.* at 59–60.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.